IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERYL D. DOTSON, | § | |
| TDCJ-CID NO.546330, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-1469 |
| | § | |
| J. SCOTT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION ON DISMISSAL

Plaintiff's application to proceed *in forma pauperis* (Docket Entry No.2) is GRANTED. Plaintiff seeks relief under 42 U.S.C. § 1983 for the loss of her personal property, which Harris County, Texas deputy constables confiscated during the course of the arrest. Because plaintiff's complaint is without a legal basis, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff reports that on April 27, 2004, she was falsely arrested at a friend's house by Harris County Precinct 2 Deputy Constables J. Scott and J. Stewart for the offense of issuance of bad checks. During the course of the arrest, one constable told her to remove her jewelry and to place it in her purse. He also told her to place her car keys in her purse. Precinct 7 Deputy Constable Sonya Randall then transported plaintiff to jail. Plaintiff left her purse, which contained her jewelry and keys, on the ground outside her friend's house and her vehicle parked outside the house in the care of Deputies Scott and Stewart.

When she was released from jail the next day, plaintiff attempted to locate her property and vehicle, but to no avail. She complained to the Internal Affairs Division of the Harris County

Constable's Office. On November 9, 2005, she was informed by letter that a formal investigation concluded that there was insufficient evidence to prove her allegations regarding her personal property. Plaintiff maintains the deputies did not follow proper procedures with respect to the safekeeping of her property, that they improperly searched her without a female officer present, and that they illegally seized her property without due process; consequently, they have violated her rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Plaintiff also complains that as a result of the stress she has experienced with respect to the property loss and defamation, she has suffered from depression and high blood pressure. She seeks the return of her property in its original condition and compensation for her pain, suffering, and mental anguish. (Docket Entry No.7).

Plaintiff further seeks compensation from Lloyds Safeco Insurance Company, the company that insures her vehicle. Plaintiff claims that the insurance company breached its contract by failing to process her claims regarding the property loss. (*Id.*).

## STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that

includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, a court must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

## DISCUSSION

An unauthorized, intentional deprivation of property by a government employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *accord Daniels v. Williams*, 474 U.S. 327 (1986) (negligence by state official is not a violation of rights under Fourteenth Amendment); *see Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985) (action under 42 U.S.C. § 1983 against police officers who allegedly stole personal property from an arrestee's automobile fails to state a constitutional claim under § 1983). In an action for deprivation of property under color of law without due process the plaintiff must prove the absence of adequate state remedies as a element of the constitutional tort. *Hudson*, 468

U.S. at 535. "In Texas, as in many states, the tort of conversion fulfills this requirement." *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

Because plaintiff has an adequate remedy at law in state court, her § 1983 claim with respect to her property is without a legal basis and subject to dismissal.

Plaintiff's false arrest claim is also without a legal basis. Plaintiff reports that she had an outstanding warrant for the offense of issuance of a bad check and that the deputies arrested her on that basis. She states no facts that would give rise to a claim that the arrest was false or unlawful. Accordingly, plaintiff's false arrest claim is subject to dismissal.

Likewise, plaintiff's illegal search claim is frivolous. Plaintiff reports that a male officer searched her when he entered her friend's house. Plaintiff does not allege that the officer touched her inappropriately during the search, that she suffered any type of injury from the search, or that he violated any municipal policy, or state or federal law by the search. Plaintiff's allegations fail to state a constitutional violation. Accordingly, her illegal search claim is subject to dismissal.

Because the present Order disposes of all of plaintiff's constitutional claims, the Court declines to address plaintiff's state law claim against defendant Lloyds Safeco Insurance Company. *See Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir. 1999) (noting when court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims). Accordingly, plaintiff's state law claim against defendant Lloyds Safeco Insurance Company is dismissed without prejudice to refiling in state court.

## CONCLUSION

Based on the foregoing, the Court enters the following ORDERS:

1. Plaintiff's application to proceed *in forma pauperis* (Docket Entry No.2) is GRANTED. The official in charge of the TDCJ-CID Inmate Trust Fund will deduct twenty per cent (20%) of each deposit made to the plaintiff's inmate

       trust fund account and pay this to the Court on a regular basis, provided the account exceeds $10, until the filing fee of $350.00 is paid.

2.     Plaintiff's second application to proceed *in forma pauperis* (Docket Entry No.6) is DENIED as moot.

3.     Plaintiff's motion to file an amended complaint (Docket Entry No.7-1) is GRANTED.

4.     Plaintiff's motion for the appointment of counsel (Docket Entries No.7-2) is DENIED, as moot.

5.     Plaintiff's amended complaint is DISMISSED with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

6.     Plaintiff's state law claim against defendant Lloyds Safeco Insurance Company is DISMISSED without prejudice.

The Clerk of Court will send a copy of this Order to the parties, to TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, fax 512-936-2159, and the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-437-4793, and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker. .

    Signed at Houston, Texas, on June 9, 2006.

                                                    MELINDA HARMON
                                                    UNITED STATES DISTRICT JUDGE